Taliaferro, J.
The plaintiff placed in the hands of Campbell & Bis-land, retail grocers, to be sold by them on his account, five casks of brandy, for which they gave their receipt, which reads as follows :
“Received, New Orleans, April 18th, 1865, from Mr. Chs. D. Miller, five casks brandy, to be sold for three dollars per gallon, or for more, if it can be realized, or subject to his order.
(Signed) • Campbell & Bisland,
pp. Stafford.”
Campbell & Bisland, being indebted to the defendants, transferred the brandy to them.
The plaintiff brings this suit against tho defendants to recover the brandy, or its value, placed by him at $637 50. He also prays judgment besides for legal interest from judicial demand.
The defendants put in a general denial. The plaintiff obtained judgment as prayed for, and the defendants have appealed.
The leading question in the case is, did Campbell & Bisland transfer of the property to Schneider & Zuberbicr constitute a sale ? Campbell & Bisland quoad this transaction were factors; and factors cannot pledge or give in payment of their own debts property entrusted to them to be disposed of for their principals. 1 An. p. 7.
There ' was evidently an effort to mistify the character of the act by which this lot of brandy passed from the custody of Campbell & Bisland into the possession of the defendants. An “ominous conjecture” is cast upon the fairness of the transaction. Campbell & Bisland owed Schneider & Zuberbier a thousand dollars. A clerk of Campbell & Bis-land testified that when the brandy was sent to the defendants they were *301 charged with it, and that afterwards, he was instructed to enter it as a cash transaction. This was some time in June, 1865. In August afterwards, Campbell & Bisland went into insolvency. Another clerk of that house testified that the brandy was sold to defendants, and that he made out the bills ; four casks having been sold at one time, and one cask at another time.
Massey, a witness and agent of the plaintiff, testified that on coming from Matamoras to New Orleans, he called on Campbell & Bisland, and from the tenor of the conversation he speaks of having with, one of the clerks, it seems that the transfer of the brandy to the defendants was not communicated to him. He states that a few days afterwards, he ascertained that the brandy had been sold to Schneider & Zuberbier, the defendants. That upon advice of counsel, he went immediately to one of the partners of that firm, and notified him not to pay Campbell & Bis-land for the brandy, and received for answer that they had entered a credit on their books for it in favor of Campbell & Bisland. The witness states that this occurred between the 18th and 24th of June. Afterwards, on his return to New Orleans, he states that in an interview with the members of the firm (meaning the defendants) the one with whom he had previously communicated, denied having told witness that the firm had credited Campbell & Bisland”with the proceeds of the brandy, and then asserted that he had told witness they had paid Campbell & Bisland for it.
The bills of sale of the brandy are dated the one on the 21st June, and the other on the 23d June.
A witness, on behalf of the defendants, swore that he saw the bills paid in money ; that they were paid by the bookkeeper of Schneider & Zuberbeir. The testimony of this witness, upon the whole, is of that character that it cannot be considered entirely reliable. One of the clerks of Campbell & Bisland, who testified, being recalled, said he believed the call- of Massey, the agent, upon Campbell & Bisland on the subject of the brandy, caused them to give instructions to witness to make the entries on the books; moaning clearly the entry in relation to passing the plaintiff’s property over to defendants “as a cash transaction.’'’
A careful perusal of the evidence leaves no doubt with us, that the transaction was a elation en payment, and not a sale.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.